<table>
<tr><td>United States Bankruptcy Court<br>Eastern District of Pennsylvania</td><td rowspan="3">Case No.: 26-14387-amc<br>Chapter: 11 (Subchapter V)<br>Hearing Date: ____________<br>Judge: Ashely M. Chan</td></tr>
<tr><td>By: Michael I. Assad (#330937)<br>Law Office of Mike Assad, P.C.<br>923 Haddonfield Road, Suite 336<br>Cherry Hill, NJ 08002<br>609-808-3300<br>mike@assad.law<br>Proposed Attorney for Debtor</td></tr>
<tr><td>In re: UTU Corp.,<br>Debtor.</td></tr>
</table>

**Debtor's Motion for Interim and Final Orders Authorizing Use of Cash Collateral**

**AND NOW**, Debtor UTU Corp., through its proposed attorney, moves under 11 U.S.C. §§ 361 and 363, Fed. R. Bankr. P. 4001(b), and L.B.R. 4001-1 for interim and final orders authorizing use of cash collateral and granting adequate protection to the U.S. Small Business Administration ("SBA"), substantially in the form attached.

## I. Concise Statement Under Fed. R. Bankr. P. 4001(b)(1)(B) and L.B.R. 4001-1(b)

| Provision | Summary |
|---|---|
| Interested entity | SBA, the only party of record asserting a lien (UCC search processed through October 12, 2026; tax lien and judgment search disclosed no tax liens or judgments). |
| Purpose and limits on use (Order ¶ 2) | Operating expenses under the monthly Budget (Exhibit A), including a permitted variance of 10%. |
| Duration (Order ¶¶ 2, 6) | Through the final hearing; on a final basis, until plan effective date, dismissal, conversion, removal under § 1185, or an uncured Termination Event. |
| Adequate protection under § 363(e) (Order ¶¶ 3–4) | Replacement liens and a § 507(b) claim, each limited to diminution in value; $800 monthly payments; insurance; access to books and premises. |

| Provision | Summary |
|---|---|
| Events of default (Order ¶ 6) | Dismissal or conversion; removal under § 1185; a payment not made within 10 days after written notice; material breach. SBA must then move to terminate; the automatic stay is not modified. |
| Carve-out (Order ¶ 3) | Subchapter V trustee fees, Clerk fees, and allowed professional fees. |
| Credit terms | None. No borrowing, interest, or priority under § 364(c)(1) or (d)(1) is requested. |

1. As required by L.B.R. 4001-1(c), the proposed Interim Order contains the following of the listed provisions:

| L.B.R. 4001-1(c) provision | Included? | Location |
|---|---|---|
| (1) Cross-collateralization | No | Replacement liens only, ¶ 3 |
| (2) Binding findings on lien validity, perfection, or amount, or waiver of claims | No | Rights reserved, ¶ 5 |
| (3) Waiver of § 506(c) rights | No | Rights reserved, ¶ 5 |
| (4) Liens on §§ 544–549 claims | No | Excluded, ¶ 3 |
| (5) Conversion of prepetition debt to postpetition debt | No | — |
| (6) Disparate carve-out treatment of professionals | No | ¶ 3 |
| (7) Budget provisions | Yes | ¶ 2 |
| (8) Maturity, termination, and default, including effect on the automatic stay | Yes | ¶ 6 (stay not modified) |
| (9) Priming of any lien | No | — |
| (10) Limits on the court's power under § 552(b)(1) | No | Rights reserved, ¶ 5 |
| (11) Priority over administrative expenses | Yes | § 507(b) claim, ¶ 3 |
| (12) Other material provisions (inspection, insurance, payments) | Yes | ¶ 4 |

## II. Jurisdiction

2. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

3. This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Debtor consents to the entry of a final order by this Court.

4. Venue is proper under 28 U.S.C. § 1409.

## III. Background

5. The Debtor initiated this case on October 19, 2026, by petitioning for relief under Subchapter V of Chapter 11.

6. Since the petition date, the Debtor has remained in possession of its assets and is operating its business as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

7. A description of the Debtor's business and the facts precipitating the filing of this case is set forth in the declaration of the Debtor's authorized representative filed with the Court on October 20, 2026, at ECF No. 11 (the "Oh Decl."). Those facts, to the extent relevant, are incorporated herein by reference.

8. SBA asserts a lien on substantially all of the Debtor's personal property, including its cash, deposit accounts, and receivables (the "Cash Collateral"), under a financing statement filed with the Pennsylvania Department of State on May 29, 2020 (UCC-1 No. 2020052901753) and continued on May 10, 2025. A search for tax liens and judgments against the Debtor disclosed none.

## IV. Argument

9. The court may authorize use of cash collateral on conditions that adequately protect the secured creditor's interest. 11 U.S.C. § 363(c)(2), (e). Adequate protection may take the form

of periodic cash payments, replacement liens, or other relief, to the extent the use of the collateral results in a decrease in the value of the secured creditor's interest. 11 U.S.C. § 361(1)–(3).

10. SBA is adequately protected. The Debtor's operations replenish the inventory, receivables, and cash it uses, Oh Decl. ¶ 14, and SBA will receive replacement liens, monthly payments of $800, and insurance. SBA is also substantially undersecured: its collateral has a liquidation value of approximately $25,400, Oh Decl. ¶ 12, against a claim the Debtor estimates at approximately $421,000.

11. Without the use of cash collateral the Debtor would have to close, leaving SBA with only the liquidation value of its collateral. Oh Decl. ¶¶ 13–15. Interim relief is therefore needed to avoid immediate and irreparable harm. Fed. R. Bankr. P. 4001(b)(2).

## V. Conclusion

**FOR THOSE REASONS,** the Debtor requests entry of the proposed Interim Order and, after a final hearing, a final order.

Date: October 20, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Proposed Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad