| United States Bankruptcy Court<br>Eastern District of Pennsylvania | |
|---|---|
| In re: UTU Corp.,<br><br>*Debtor*. | Case No.: 26-14387-amc<br><br>Chapter: 11 (Subchapter V) |

## Interim Order Authorizing Use of Cash Collateral

**AND NOW**, upon consideration of the Debtor's Motion for Interim and Final Orders Authorizing Use of Cash Collateral (the "Motion"), after notice under Fed. R. Bankr. P. 4001(b)(1)(C) and an interim hearing, the court finds that:

A. The U.S. Small Business Administration ("SBA") asserts a lien on the Debtor's personal property, including cash collateral ("Cash Collateral").

B. Use of Cash Collateral is necessary to avoid immediate and irreparable harm to the estate.

C. The protections in this order adequately protect SBA under 11 U.S.C. §§ 361 and 363(e).

For those reasons and for other good cause shown, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** on an interim basis.

2. **Use.** Through the final hearing, the Debtor is authorized to use Cash Collateral in accordance with the monthly budget attached as Exhibit A (the "Budget"), including a permitted variance of ten percent (10%).

3. **Replacement lien and § 507(b) claim.** To the extent of any postpetition diminution in value of its interest, SBA is granted (a) a replacement lien, automatically perfected, on postpetition assets of the same type as its prepetition collateral, with the same validity, priority, and extent, and (b) an allowed claim under 11 U.S.C. § 507(b). Neither attaches to chapter 5 claims or their proceeds, and both are subject to fees of the Subchapter V trustee, Clerk fees, and allowed professional fees.

4. **Payments, insurance, and access.** The Debtor shall (a) pay SBA $800 per month on the 15th day of each month, beginning November 15, 2026; (b) maintain insurance on SBA's collateral and provide proof within 14 days; and (c) give SBA reasonable access to its books and premises on reasonable notice.

5. **Reservation of rights.** This order does not determine the validity, perfection, priority, extent, or amount of SBA's claim or lien, and does not waive any right under 11 U.S.C. § 506(c) or § 552(b).

6. **Termination.** SBA may move on an expedited basis to terminate this authority if the case is dismissed or converted, the Debtor is removed under 11 U.S.C. § 1185, a payment is not made within 10 days after written notice, or the Debtor materially breaches this order.

7. **Professional fees.** This order does not authorize payment to any professional retained under 11 U.S.C. § 327 or to the Subchapter V trustee, each of whom must file fee applications in conformity with the applicable provisions of the Bankruptcy Code and the Federal and Local Rules of Bankruptcy Procedure, with notice to parties in interest, and subject to 11 U.S.C. § 330. Amounts for professional and trustee fees shown in the Budget may be held in reserve but may be paid only as allowed by order of the court.

8. **Final hearing.** A final hearing will be held on __________, at __________. The hearing will be held by phone and can be accessed by dialing 646-828-7666 and entering Meeting ID 160 6807 8081. Objections are due on or before __________.

Date:

_________________________________
Ashely M. Chan
Chief U.S. Bankruptcy Judge

## Exhibit A

## Monthly Budget

| **Category** | **Monthly Amount** |
|---|---|
| **Receipts** | |
| Revenue | $46,000 |
| **Disbursements** | |
| Food costs | $15,000 |
| Employee/owner compensation | $19,200 |
| Rent | $3,000 |
| Insurance | $800 |
| Utilities | $2,000 |
| Advertising | $500 |
| Accounting fees | $500 |
| Trash removal/linen | $425 |
| Sales tax remittance | $2,500 |
| Miscellaneous | $1,275 |
| SBA adequate protection | $800 |
| **Total disbursements** | **$46,000** |
| **Net cash flow** | **$0** |