| United States Bankruptcy Court<br>Eastern District of Pennsylvania | | |
|---|---|---|
| By: Michael I. Assad (#330937)<br>Law Office of Mike Assad, P.C.<br>923 Haddonfield Road, Suite 336<br>Cherry Hill, NJ 08002<br>609-808-3300<br>mike@assad.law<br>*Proposed Attorney for Debtor* | Case No.:<br>Chapter: | 26-14387-amc<br>11 (Subchapter V) |
| In re: UTU Corp.,<br>*Debtor*. | Hearing Date:<br>Judge: | __________<br>Ashely M. Chan |

**Debtor's Motion for Order Determining
Adequate Assurance of Payment to Utility Providers**

**AND NOW**, Debtor UTU Corp., through its proposed attorney, moves under 11 U.S.C. §§ 105(a) and 366 for an order determining adequate assurance of payment to its utility providers, substantially in the form attached.

## I. Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Debtor consents to the entry of a final order by this Court.

3. Venue is proper under 28 U.S.C. § 1409.

## II. Background

4. The Debtor initiated this case on October 19, 2026, by petitioning for relief under Subchapter V of Chapter 11.

5. Since the petition date, the Debtor has remained in possession of its assets and is operating its business as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

6. A description of the Debtor's business and the facts precipitating the filing of this case is set forth in the declaration of the Debtor's authorized representative filed with the Court on October 20, 2026, at ECF No. 11 (the "Oh Decl."). Those facts, to the extent relevant, are incorporated herein by reference.

## III. Relief Requested

7. The Debtor receives electric and gas service from the providers listed below (the "Utility Providers"). The Debtor requests an order under 11 U.S.C. §§ 105(a) and 366(c)(3) (a) determining that a cash deposit in the amount listed below for each Utility Provider (each, a "Deposit"), equal to two weeks of its average charges for the twelve months ended September 30, 2026, together with timely payment of postpetition charges, is adequate assurance of payment; (b) directing the Debtor to pay each Deposit within ten days after entry of the order, unless the Utility Provider agrees otherwise; and (c) prohibiting the Utility Providers from altering, refusing, or discontinuing service on account of the filing of this case, unpaid prepetition charges, or the amount of assurance, except as permitted by the order.

| Utility provider | Service | Account (name; last 4 digits) | Average monthly charges (12 months ended 9/30/2026) | Proposed deposit (two weeks) |
|---|---|---|---|---|
| PECO Energy Company | Electric | South1318 Corp. (see Oh Decl. ¶ 24); 7000 | $993 | $460 |
| Philadelphia Gas Works | Gas | The Gold Standard Cafe; 1366 | $325 | $150 |
| **Total** | | | **$1,318** | **$610** |

## IV. Argument

8. A utility may not alter, refuse, or discontinue service to a debtor solely because of the bankruptcy filing or an unpaid prepetition debt. 11 U.S.C. § 366(a). In a chapter 11 case, a utility may do so only if, during the 30 days beginning on the petition date, it does not receive adequate assurance of payment that is satisfactory to it. *Id.* § 366(c)(2). A cash deposit is an expressly permitted form of assurance. *Id.* § 366(c)(1)(A)(i). On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment. *Id.* § 366(c)(3).

9. Adequate assurance does not require a guarantee of payment; it requires reasonable protection against the risk of nonpayment for postpetition service. The proposed Deposits provide that protection. Each Utility Provider bills monthly in arrears, so a two-week Deposit, together with timely payment of postpetition charges, which the Debtor's budget provides for, protects it against any realistic loss. A larger deposit would take cash the Debtor needs to operate, and without uninterrupted service the Debtor's restaurant could not open. Oh Decl. ¶¶ 24–25.

## V. Conclusion

**FOR THOSE REASONS,** the Debtor requests entry of the proposed order.

Date: October 20, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Proposed Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad