| United States Bankruptcy Court<br>Eastern District of Pennsylvania | |
|---|---|
| By: Michael I. Assad (#330937)<br>Law Office of Mike Assad, P.C.<br>923 Haddonfield Road, Suite 336<br>Cherry Hill, NJ 08002<br>609-808-3300<br>mike@assad.law<br>*Proposed Attorney for Debtor* | Case No.: 26-14387-amc<br>Chapter: 11 (Subchapter V) |
| In re: UTU Corp.,<br><br>*Debtor*. | Hearing Date: October 28, 2026<br>Judge: Ashely M. Chan |

**Debtor's Amended Motion for Interim and Final Orders Authorizing Use of Cash Collateral**

**AND NOW**, Debtor UTU Corp., through its proposed attorney, moves under 11 U.S.C. §§ 361 and 363, Fed. R. Bankr. P. 4001(b), and L.B.R. 4001-1 for interim and final orders authorizing use of cash collateral and granting adequate protection to the U.S. Small Business Administration ("SBA"), substantially in the form attached.

## I. Concise Statement Under Fed. R. Bankr. P. 4001(b)(1)(B) and L.B.R. 4001-1(b)

| Provision | Summary |
|---|---|
| Interested entity | SBA, the only party of record asserting a lien (UCC search processed through October 12, 2026; tax lien and judgment search disclosed no tax liens or judgments). |
| Purpose and limits on use (Order ¶ 2) | Operating expenses under the monthly Budget (Exhibit A), including $500 per month in interim compensation to the Subchapter V trustee, with a permitted variance of 10%. |
| Duration (Order ¶¶ 2, 6) | Through the final hearing; on a final basis, until plan effective date, dismissal, conversion, removal under § 1185, or an uncured Termination Event. |
| Adequate protection under § 363(e) (Order ¶¶ 3–4) | Replacement liens and a § 507(b) claim, each limited to diminution in value; $800 monthly payments; insurance; access to books and premises. |

| Provision | Summary |
|---|---|
| Events of default (Order ¶ 6) | Dismissal or conversion; removal under § 1185; a payment not made within 10 days after written notice; material breach. SBA must then move to terminate; the automatic stay is not modified. |
| Carve-out (Order ¶ 3) | Subchapter V trustee fees, Clerk fees, and allowed professional fees. |
| Credit terms | None. No borrowing, interest, or priority under § 364(c)(1) or (d)(1) is requested. |

1. As required by L.B.R. 4001-1(c), the proposed Interim Order contains the following of the listed provisions:

| L.B.R. 4001-1(c) provision | Included? | Location |
|---|---|---|
| (1) Cross-collateralization | No | Replacement liens only, ¶ 3 |
| (2) Binding findings on lien validity, perfection, or amount, or waiver of claims | No | Rights reserved, ¶ 5 |
| (3) Waiver of § 506(c) rights | No | Rights reserved, ¶ 5 |
| (4) Liens on §§ 544–549 claims | No | Excluded, ¶ 3 |
| (5) Conversion of prepetition debt to postpetition debt | No | — |
| (6) Disparate carve-out treatment of professionals | No | ¶ 3 |
| (7) Budget provisions | Yes | ¶ 2 |
| (8) Maturity, termination, and default, including effect on the automatic stay | Yes | ¶ 6 (stay not modified) |
| (9) Priming of any lien | No | — |
| (10) Limits on the court's power under § 552(b)(1) | No | Rights reserved, ¶ 5 |
| (11) Priority over administrative expenses | Yes | § 507(b) claim, ¶ 3 |
| (12) Other material provisions (inspection, insurance, payments) | Yes | ¶ 4 |

## II. Jurisdiction

2. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

3. This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Debtor consents to the entry of a final order by this Court.

4. Venue is proper under 28 U.S.C. § 1409.

## III. Background

5. The Debtor initiated this case on October 19, 2026, by petitioning for relief under Subchapter V of Chapter 11.

6. Since the petition date, the Debtor has remained in possession of its assets and is operating its business as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

7. A description of the Debtor's business and the facts precipitating the filing of this case is set forth in the declaration of the Debtor's authorized representative filed with the Court on October 20, 2026, at ECF No. 11 (the "Oh Decl."). Those facts, to the extent relevant, are incorporated herein by reference.

8. SBA asserts a lien on substantially all of the Debtor's personal property, including its cash, deposit accounts, and receivables (the "Cash Collateral"), under a financing statement filed with the Pennsylvania Department of State on May 29, 2020 (UCC-1 No. 2020052901753) and continued on May 10, 2025. A search for tax liens and judgments against the Debtor disclosed none.

9. This Motion amends the Debtor's motion filed at ECF No. 13. It adds to the Budget and to the proposed Interim Order the interim compensation of $500 per month payable to the

Subchapter V trustee under the order entered at ECF No. 19, which directs the Debtor to include that compensation in any proposed cash collateral budget.

## IV. Argument

~~9.~~10. The court may authorize use of cash collateral on conditions that adequately protect the secured creditor's interest. 11 U.S.C. § 363(c)(2), (e). Adequate protection may take the form of periodic cash payments, replacement liens, or other relief, to the extent the use of the collateral results in a decrease in the value of the secured creditor's interest. 11 U.S.C. § 361(1)–(3).

~~10.~~11. SBA is adequately protected. The Debtor's operations replenish the inventory, receivables, and cash it uses, Oh Decl. ¶ 14, and SBA will receive replacement liens, monthly payments of $800, and insurance. SBA is also substantially undersecured: its collateral has a liquidation value of approximately $25,400, Oh Decl. ¶ 12, against a claim the Debtor estimates at approximately $421,000.

~~11.~~12. Without the use of cash collateral the Debtor would have to close, leaving SBA with only the liquidation value of its collateral. Oh Decl. ¶¶ 13–15. Interim relief is therefore needed to avoid immediate and irreparable harm. Fed. R. Bankr. P. 4001(b)(2).

## V. Conclusion

**FOR THOSE REASONS,** the Debtor requests entry of the proposed Interim Order and, after a final hearing, a final order.

Date: October ~~20,~~22, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Proposed Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad

| United States Bankruptcy Court<br>Eastern District of Pennsylvania | |
|---|---|
| In re: UTU Corp.,<br><br>*Debtor*. | Case No.: 26-14387-amc<br><br>Chapter: 11 (Subchapter V) |

## Interim Order Authorizing Use of Cash Collateral

**AND NOW**, upon consideration of the Debtor's Amended Motion for Interim and Final Orders Authorizing Use of Cash Collateral (the "Motion"), after notice under Fed. R. Bankr. P. 4001(b)(1)(C) and an interim hearing, the court finds that:

A. The U.S. Small Business Administration ("SBA") asserts a lien on the Debtor's personal property, including cash collateral ("Cash Collateral").

B. Use of Cash Collateral is necessary to avoid immediate and irreparable harm to the estate.

C. The protections in this order adequately protect SBA under 11 U.S.C. §§ 361 and 363(e).

For those reasons and for other good cause shown, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** on an interim basis.

2. **Use.** Through the final hearing, the Debtor is authorized to use Cash Collateral in accordance with the monthly budget attached as Exhibit A (the "Budget"), including a permitted variance of ten percent (10%).

3. **Replacement lien and § 507(b) claim.** To the extent of any postpetition diminution in value of its interest, SBA is granted (a) a replacement lien, automatically perfected, on postpetition assets of the same type as its prepetition collateral, with the same validity, priority, and extent, and (b) an allowed claim under 11 U.S.C. § 507(b). Neither attaches to chapter 5 claims or their proceeds, and both are subject to fees of the Subchapter V trustee, Clerk fees, and allowed professional fees.

4. **Payments, insurance, and access.** The Debtor shall (a) pay SBA $800 per month on the 15th day of each month, beginning November 15, 2026; (b) maintain insurance on SBA's collateral and provide proof within 14 days; and (c) give SBA reasonable access to its books and premises on reasonable notice.

5. **Reservation of rights.** This order does not determine the validity, perfection, priority, extent, or amount of SBA's claim or lien, and does not waive any right under 11 U.S.C. § 506(c) or § 552(b).

6. **Termination.** SBA may move on an expedited basis to terminate this authority if the case is dismissed or converted, the Debtor is removed under 11 U.S.C. § 1185, a payment is not made within 10 days after written notice, or the Debtor materially breaches this order.

7. **Professional fees.** ThisThe Debtor may pay the Subchapter V trustee's interim compensation shown in the Budget, as provided by paragraph 8 of the order doesentered notat authorizeECF No. 19 and any order superseding it. No other payment may be made to the Subchapter V trustee or to any professional retained under 11 U.S.C. § 327 orexcept toas allowed by the SubchapterCourt Von trustee, each of whom must filea fee applicationsapplication in conformity with the applicable provisions of the Bankruptcy Code and the Federal and Local Rules of Bankruptcy Procedure, with notice to parties in interest, and subject tounder 11 U.S.C. § 330. Amounts for professional and trustee fees shown in the Budget may be held in reserve but may be paid only as allowed by order of the court.

8. **Final hearing.** A final hearing will be held on __________, at __________. The hearing will be held by phone and can be accessed by dialing 646-828-7666 and entering Meeting ID 160 6807 8081. Objections are due on or before __________.

Date:

______________________________
Ashely M. Chan
Chief U.S. Bankruptcy Judge

**Exhibit A**

**Monthly Budget**

| **Category** | **Monthly Amount** |
|---|---|
| **Receipts** | |
| Revenue | $46,000 |
| **Disbursements** | |
| Food costs | $15,000 |
| Employee/owner compensation | $19,200 |
| Rent | $3,000 |
| Insurance | $800 |
| Utilities | $2,000 |
| Advertising | $500 |
| Accounting fees | $500 |
| Trash removal/linen | $425 |
| Sales tax remittance | $2,500 |
| Miscellaneous | ~~$1,275~~$775 |
| Subchapter V trustee interim compensation | $500 |
| SBA adequate protection | $800 |
| **Total disbursements** | **$46,000** |
| **Net cash flow** | **$0** |