**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

By: Michael I. Assad (#330937)
Law Office of Mike Assad, P.C.
923 Haddonfield Road, Suite 336
Cherry Hill, NJ 08002
609-808-3300
mike@assad.law
*Proposed Attorney for Debtor*

In re: UTU Corp.,

*Debtor*.

| | |
|---|---|
| Case No.: | 26-14387-amc |
| Chapter: | 11 (Subchapter V) |
| Hearing Date: | December 2, 2026 |
| Judge: | Ashely M. Chan |

# Debtor's Motion for Order Establishing Terms of Interim Compensation to the Subchapter V Trustee

**AND NOW**, Debtor UTU Corp., through its proposed attorney, moves for entry of an order establishing the timing, method, and duration of the interim compensation payable to the Subchapter V trustee. In support of this Motion, the Debtor states as follows:

## I. Background

1. The Debtor initiated this case on October 19, 2026, by petitioning for relief under Subchapter V of Chapter 11.

2. Since the petition date, the Debtor has remained in possession of its assets and is operating its business as a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108.

3. A description of the Debtor's business and the facts precipitating the filing of this case is set forth in the declaration of the Debtor's authorized representative filed with the Court on October 20, 2026, at ECF No. 11 (the "Oh Decl."). Those facts, to the extent relevant, are incorporated herein by reference.

4. Holly Smith Miller has been appointed as the Subchapter V trustee in this case (the "Trustee").

5. Paragraph 8 of the order entered at ECF No. 19 provides that, "[w]ithin 30 days of the petition date and continuing monthly thereafter, Debtor shall remit to the Subchapter V trustee interim compensation in the amount of $500," subject to adjustment by the Court after notice and a hearing on the request of any interested party, and to final approval under 11 U.S.C. § 330 The same paragraph directs the Debtor to include this interim compensation in any proposed cash collateral budget.

## II. Relief Requested

6. The Debtor requests entry of an order, substantially in the form attached, superseding paragraph 8 of the order entered at ECF No. 19 and providing that:

a. the Debtor will pay the Trustee interim compensation of $500 per month on the 15th day of each month, beginning November 15, 2026;

b. each payment will be mailed to the Trustee at Gellert Seitz Busenkell & Brown, LLC, 1 Commerce Center, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801;

c. each payment is an interim payment on account of the Trustee's compensation and expenses, not an allowance; is subject to adjustment by the Court; must be disclosed in, and applied to the amount allowed on, any application by the Trustee under 11 U.S.C. § 330; and, to the extent it exceeds the amount allowed, must be refunded to the Debtor;

d. the Debtor's obligation to make the payments ends on the effective date of a confirmed plan; and

e. if the Debtor fails to make a payment within 7 days after the Trustee serves written notice of the default, the Trustee may file a certification of default, and the Court will then issue an order directing the Debtor to show cause why the case should not be dismissed or converted, or the Debtor otherwise sanctioned.

## III. Argument

7. The Trustee is entitled to reasonable compensation for actual, necessary services, subject to the Court's approval. 11 U.S.C. §§ 330(a)(1), 1183(a).

8. The Court may allow interim compensation, 11 U.S.C. § 331, and may issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

9. Paragraph 8 of the order at ECF No. 19 sets the amount of interim compensation and requires the first payment within 30 days of the petition date, but it does not fix a payment date, a method of payment, or an end date. A more detailed order will give the Debtor, the Trustee, and the Court certainty about the timing of the payments and will avoid any question about when the obligation ends.

10. The proposed terms are consistent with paragraph 8 of that order. The first payment, on November 15, 2026, falls within 30 days of the petition date, and the payments remain subject to adjustment and to final approval under 11 U.S.C. § 330.

11. The proposed default procedure gives the Trustee an efficient remedy if the Debtor does not pay, while giving the Debtor notice and an opportunity to cure. A failure to comply with an order of the Court is cause to dismiss or convert a case. 11 U.S.C. § 1112(b)(4)(E).

## IV. Conclusion

**FOR THOSE REASONS**, the Debtor requests entry of the proposed order, and further relief in its favor if necessary and proper under the law.

Date: October 22, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Proposed Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad