| United States Bankruptcy Court<br>Eastern District of Pennsylvania | |
|---|---|
| In re: UTU Corp.,<br><br>*Debtor*. | Case No.: 26-14387-amc<br><br>Chapter: 11 (Subchapter V) |

## Interim Order Authorizing Continued Use of Existing Bank Accounts and Business Forms

**AND NOW**, upon consideration of the Debtor's Motion for Authority to Continue Using Its Existing Bank Accounts and Business Forms (the "Motion"), after notice and a hearing, the court finds that:

A. The relief requested is necessary to avoid immediate and irreparable harm under Fed. R. Bankr. P. 6003.

B. The relief is in the best interests of the Debtor, its estate, and its creditors.

For those reasons and for other good cause shown, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. The Debtor may continue to use its checking accounts at TD Bank ending in 7599 and Citizens Bank ending in 8264 (the "Accounts"), which each bank shall designate as a debtor-in-possession account, and may transfer funds between the Accounts in the ordinary course.

3. The Debtor shall not transfer funds from the Accounts to any account that is not a debtor-in-possession account of the Debtor.

4. The Debtor shall immediately (a) contact the banks, (b) provide the banks with the Debtor's employer identification number, and (c) instruct them to rename the Debtor's bank accounts as "Debtor in Possession" accounts with the Petition Date and case number included on the account title.

5. The Debtor shall maintain accurate and detailed records of all transfers so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

6. The Debtor may use its existing checks and business forms. Any checks printed after the petition date shall bear the designation "Debtor in Possession" and the case number.

7. The Debtor may continue its arrangements with Toast, Inc. and its delivery and online-ordering platforms in the ordinary course, and those providers may continue to deduct their ordinary fees, chargebacks, and refunds from settlements. Nothing in this order determines any provider's right to hold a reserve or to set off.

8. Each bank may charge its customary fees and shall not honor any check or transfer on account of a prepetition claim unless authorized by court order. Each bank may rely on the Debtor's representations about which payments are authorized.

9. Nothing in this order authorizes the use of cash collateral except as permitted by the Debtor's cash collateral order.

10. The stay under Fed. R. Bankr. P. 6004(h) is waived, and this order is effective immediately.

11. A final hearing will be held on __________, at __________. The hearing will be held by phone and can be accessed by dialing 646-828-7666 and entering Meeting ID 160 6807 8081. Objections are due on or before __________.

Date: ________________________________

Ashely M. Chan
Chief U.S. Bankruptcy Judge