| United States Bankruptcy Court<br>Eastern District of Pennsylvania | |
|---|---|
| In re: UTU Corp.,<br><br>*Debtor*. | Case No.: 26-14387-amc<br><br>Chapter: 11 (Subchapter V) |

**Interim Order Determining Adequate Assurance of Payment to Utility Providers**

**AND NOW**, upon consideration of the Debtor's Motion for Order Determining Adequate Assurance of Payment to Utility Providers (the "Motion"), after notice and a hearing, the court finds that:

A. Notice of the Motion was proper and sufficient under the circumstances.

B. The Deposits described in the Motion, together with timely payment of postpetition charges, are adequate assurance of payment under 11 U.S.C. § 366(c).

For those reasons and for other good cause shown, it is hereby **ORDERED** that:

1. The Motion is **GRANTED** on an interim basis as set forth herein.

2. Within ten days after entry of this order, the Debtor shall pay each Utility Provider a cash deposit in the amount listed in the Motion (each, a "Deposit"), unless the Utility Provider agrees in writing to a different form or amount of assurance.

3. Each Deposit, together with the Debtor's timely payment of charges for postpetition service, is adequate assurance of payment under 11 U.S.C. § 366(c).

4. No Utility Provider may alter, refuse, or discontinue service to the Debtor on account of the filing of this case, any unpaid charge for service before the petition date, or the amount of assurance provided under this order. Nothing in this order prevents a Utility Provider from discontinuing service for nonpayment of postpetition charges in accordance with applicable law. Notwithstanding the foregoing, this order is without prejudice to the right of any Utility Provider to request this court's approval of additional adequate assurance.

5. If the Debtor closes an account with a Utility Provider, the Utility Provider shall apply the Deposit to any unpaid postpetition charges and refund the balance to the Debtor within 30 days.

6. Nothing in this order is an admission of the validity of any claim, an assumption of any contract, or a waiver of any right of a Utility Provider under 11 U.S.C. § 366(c)(4).

7. PECO shall treat the Debtor as its customer for the account ending in 7000, which serves the Debtor's premises, and shall transfer that account into the Debtor's name on request without requiring assurance beyond the Deposit.

8. A final hearing will be held on Dec. 2, 2026, at 12:30 p.m. . The hearing will be held by phone and can be accessed by dialing 646-828-7666 and entering Meeting ID 160 6807 8081. Objections are due on or before Nov. 25, 2026.

Date: Oct. 29, 2026

Ashely M. Chan
Chief U.S. Bankruptcy Judge