**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| UTU Corp., | § | Case No. 26-14387-AMC |
| Debtor. | § | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S MOTION FOR ORDER ESTABLISHING TERMS OF INTERIM COMPENSATION TO THE SUBCHAPTER V TRUSTEE**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby files this objection (the "Objection") to the *Debtor's Motion for Order Establishing Terms of Interim Compensation to the Subchapter V Trustee* (Docket No. 31) (the "Motion"). In support of this Objection, the U.S. Trustee states as follows:

**BACKGROUND**

1. On October 19, 2026, the Debtor filed a voluntary petition for relief under subchapter v of chapter 11 of title 11 of the United States Code (11 U.S.C. § 101 *et seq*., the "Bankruptcy Code").

2. Effective April 1, 2026, the Court implemented a new *Scheduling Order and Notice of Status Conference* (the "Mandatory Scheduling Order") to be entered in all subchapter v cases. The Mandatory Scheduling Order includes, among other things, a provision governing the payment of interim compensation to Subchapter V Trustees. *See*, Mandatory Scheduling Order ¶ 8 (the "Payment

Provision"). The Payment Provision provides a unified approach adopted by the Court to protect payment to the Subchapter V Trustees.

3. On October 20, 2026, the Court entered the Mandatory Scheduling Order (Docket No. 19) in this case.

4. On October 20, 2026, the Debtor filed the Motion seeking to supersede the Payment Provision established by the Court.

## OBJECTION

5. The requested relief is unnecessary because the Payment Provision already governs interim compensation for Subchapter V Trustees through the uniform procedure adopted in this District.

6. The Payment Provision requires the Debtor, within 30 days of the petition date and monthly thereafter, to remit $500 in interim compensation to the Subchapter V Trustee, subject to adjustment by the Court after notice and a hearing and to final approval under Bankruptcy Code section 330. It also requires the Debtor to include those payments in any proposed cash collateral budget.

7. The Payment Provision promotes the uniform administration of Subchapter V cases by providing a consistent mechanism for interim trustee compensation throughout the District. Because an adequate procedure already exists, entry of a separate order would unnecessarily create a case-specific compensation framework.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court deny the Motion and grant such other and further relief as the Court deems just and proper.

Dated: November 12, 2026

Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Region 3**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: 202.934.4154
John.Schanne@usdoj.gov