| United States Bankruptcy Court<br>Eastern District of Pennsylvania | |
| --- | --- |
| By: Michael I. Assad (#330937)<br>Law Office of Mike Assad, P.C.<br>923 Haddonfield Road, Suite 336<br>Cherry Hill, NJ 08002<br>609-808-3300<br>mike@assad.law<br>*Attorney for Debtor* | Case No.: 26-14387-amc<br>Chapter: 11 (Subchapter V) |
| In re: UTU Corp.,<br><br>*Debtor*. | Hearing Date: December 16, 2026, at 11:00 a.m.<br>Chief Judge: Ashely M. Chan |

**Debtor's Motion to Set a Confirmation Hearing and Approve Solicitation Procedures**

**AND NOW**, Debtor UTU Corp., through its attorney, moves under 11 U.S.C. §§ 1126 and 1128 and Fed. R. Bankr. P. 2002(b), 3017.2, 3018(a), and 3020(b) for entry of the proposed order (the "Order") setting a hearing on confirmation of its Plan and approving the solicitation procedures attached to the Order as Exhibit 1 (the "Solicitation Procedures"), the ballots attached as Exhibits 2-1 and 2-2 (the "Ballots"), the notice of the confirmation hearing attached as Exhibit 3 (the "Confirmation Hearing Notice"), and the cover letter attached as Exhibit 5 (the "Cover Letter"). In support, the Debtor states as follows:

## I. Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference (E.D. Pa. Nov. 8, 1990).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Debtor consents to the entry of a final order by this Court.

3. Venue is proper under 28 U.S.C. § 1409.

## II. Background

4. The Debtor initiated this case on October 19, 2026, by petitioning for relief under Subchapter V of Chapter 11.

5. Since the petition date, the Debtor has remained in possession of its assets and is operating its business as a debtor in possession under 11 U.S.C. §§ 1107 and 1108.

6. A description of the Debtor's business and the facts precipitating the filing of this case is set forth in the declaration of the Debtor's authorized representative filed with the Court on October 20, 2026, at ECF No. 11 (the "Oh Decl."). Those facts, to the extent relevant, are incorporated herein by reference.

7. Holly Smith Miller is the Subchapter V Trustee in this case. No other trustee, examiner, or committee has been appointed.

8. On November 13, 2026, the Debtor filed its schedules of assets and liabilities and statement of financial affairs (ECF No. 73) (the "Schedules").

9. On October 21, 2026, the Court entered an order (ECF No. 26) setting December 28, 2026, as the deadline for creditors other than governmental units to file proofs of claim, and April 19, 2027, as the deadline for governmental units.

## III. The Plan

10. On November 15, 2026, the Debtor filed its Plan of Reorganization (ECF No. 74) (as it may be modified, the "Plan"), within the time set by 11 U.S.C. § 1189(b). No disclosure statement is required. 11 U.S.C. § 1181(b).

11. The Plan does not classify administrative expense claims, priority tax claims, or statutory fees. 11 U.S.C. § 1123(a)(1). It places the remaining claims and interests in four classes:

| Class | Claim or Interest | Status | Voting Rights |
|---|---|---|---|
| **1** | Priority Claims | Not impaired | Presumed to accept; not entitled to vote |
| **2** | Secured Claim of the U.S. Small Business Administration | Impaired | Entitled to vote |
| **3** | General Unsecured Claims | Impaired | Entitled to vote |
| **4** | Equity Interests | Not impaired | Presumed to accept; not entitled to vote |

12. Holders of claims in Classes 2 and 3 are impaired and may vote. Classes 1 and 4 are not impaired and are deemed to accept the Plan. 11 U.S.C. § 1126(f).

## IV. Relief Requested

13. The Debtor requests that the Court set a hearing on confirmation of the Plan (the "Confirmation Hearing") on a date convenient to the Court; approve the Solicitation Procedures, the Ballots, the Confirmation Hearing Notice, and the Cover Letter; authorize the Debtor to make non-substantive changes to those documents and the Plan before mailing; and set the following dates, measured from the Confirmation Hearing:

| Event | Proposed date |
|---|---|
| **Record Date** | Date the Order is entered |
| **Solicitation Date (deadline to mail the Plan, the Confirmation Hearing Notice, and Ballots)** | Within seven days after entry of the Order, and at least thirty-five days before the Confirmation Hearing |
| **Deadline to file a motion under Fed. R. Bankr. P. 3018(a)** | Twenty-one days before the Confirmation Hearing |
| **Deadline to respond to a motion under Fed. R. Bankr. P. 3018(a)** | Fourteen days before the Confirmation Hearing |
| **Voting Deadline** | Seven days before the Confirmation Hearing, at 4:00 p.m. (ET) |
| **Plan Objection Deadline** | Seven days before the Confirmation Hearing, at 4:00 p.m. (ET) |
| **Deadline for an election under 11 U.S.C. § 1111(b)(2)** | Seven days before the Confirmation Hearing, at 4:00 p.m. (ET) |
| **Voting report deadline** | Two business days before the Confirmation Hearing |
| **Confirmation brief and reply deadline** | Two business days before the Confirmation Hearing |
| **Confirmation Hearing** | A date and time set by the Court |

## V. Argument

14. **Hearing and notice.** In a Subchapter V case in which no disclosure statement is required, the Court sets the voting deadline, the record date, the date of the confirmation hearing, and the date for mailing the plan and notice. Fed. R. Bankr. P. 3017.2. The Court also sets the deadline to object to confirmation. Fed. R. Bankr. P. 3020(b)(1). Creditors must receive at least twenty-eight days' notice of the objection deadline and the hearing. Fed. R. Bankr. P. 2002(b)(2). The Debtor will mail the Confirmation Hearing Notice at least thirty-five days before the Confirmation Hearing.

15. **What will be mailed.** The Debtor will mail the Cover Letter, the Plan, the Confirmation Hearing Notice, and the appropriate Ballot to each holder of a claim in Class 2 or Class 3, and will serve the Confirmation Hearing Notice on all other creditors and parties in interest. Fed. R. Bankr. P. 3017(d). Classes 1 and 4 are not impaired, so the Plan need not be mailed to them; the Confirmation Hearing Notice tells them how to obtain it. The Debtor will not re-mail to an address where earlier notice in this case was returned as undeliverable unless it receives a corrected address.

16. **Voting.** The Ballots are based on Official Form 314 and must be received by Debtor's counsel seven days before the Confirmation Hearing. Only holders of allowed claims may vote. 11 U.S.C. § 1126(a). A creditor whose claim is subject to an objection may vote only if the Court temporarily allows the claim under Fed. R. Bankr. P. 3018(a), and the Debtor proposes that those motions be heard at the Confirmation Hearing. The U.S. Small Business Administration will vote its secured claim in Class 2 ($25,400.00) and its deficiency in Class 3 ($396,205.43), as the Plan treats them, and will receive a Ballot for each. Debtor's counsel will file a report of the voting results two business days before the hearing.

17. **Election under 11 U.S.C. § 1111(b).** In a Subchapter V case in which 11 U.S.C. § 1125 does not apply, a class of secured creditors may elect to apply 11 U.S.C. § 1111(b)(2) no later than a date the Court sets. Fed. R. Bankr. P. 3014(a)(2). The Debtor proposes that any election be made in a signed writing filed with the Court and served on Debtor's counsel by the deadline to object to confirmation, so that the Debtor can address it before the Confirmation Hearing.

## VI. Conclusion

**FOR THOSE REASONS**, the Debtor requests entry of the proposed Order, and further relief in its favor if necessary and proper under the law.

Date: November 15, 2026

**LAW OFFICE OF MIKE ASSAD, P.C.**
*Attorney for Debtor*

By: /s/ Michael I. Assad
Michael I. Assad